Case No. 24-897

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

RESIDENTIAL FENCES CORP. and
LASER INDUSTRIES INC.

                Plaintiffs - Appellees

v.

RHINO BLADES, INC., TOMER YUZARY,
and ANGELA YUZARY,

                Defendants - Appellants

**APPEAL**

---

## DEFENDANTS' APPELATE BRIEF

---

Price, Meese, Shulman & D'Arminio, P.C.
Michael A. Orozco, Esq. (4733747)
50 Tice Boulevard, Suite 386
Woodcliff Lake, NJ 07677
(201) 391 3737
Attorneys for All Defendants

Of Counsel and On the Brief:
      Michael A. Orozco, Esq.

## <u>TABLE OF CONTENTS</u>

<u>**PAGE**</u>

TABLE OF AUTHORITIES ....................................................................................ii-iv

JURISDICTION ................................................................................................ 1

ISSUES ON REVIEW ....................................................................................... 1

STATEMENT OF THE CASE ............................................................................ 3

SUMMARY OF ARGUMENT ........................................................................... 4

LEGAL ARGUMENT........................................................................................ 5

    A.  The court erred in admitting Plaintiff's reports and summary as the method of calculation of Plaintiff's damages was inherently unreliable. ............................... 5

    B.  The court erred in failing to dismiss Plaintiff's unjust enrichment claims as duplicative. ................................................................................................ 10

    C.  The court erred in finding that Plaintiffs had sustained their burden in their unjust enrichment claim. .............................................................................. 13

    D.  The court erred in finding that the unjust enrichment claim could proceed without an alter ego claim or evidence for same. ............................................... 15

CONCLUSION…………………………………………………………………..19

i

## TABLE OF AUTHORITIES

**CASE**                                                                     **PAGE**

AHA Sales, Inc. v Creative Bath Prods., Inc.,
58 AD3d 6, 867 NYS2d 169 [2008] ......................................................... 11

Amorgianos v. AMTRAK,
303 F.3d 256 (2d Cir. 2002) ................................................................ 2, 5

Anderson v. City of Bessemer City,
470 U.S. 564,  84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985) .......................... 13

Bradkin v. Leverton,
26 N.Y.2d 192, 309 N.Y.S.2d 192, 198 (1970) .................................. 17, 18

City of Syracuse v R.A.C. Holding,
258 AD3d 905, 685 NYS2d 381 [1999] ................................................... 11

Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,
70 NY2d 382,516 NE2d 190, 521 NYS2d 653 [1987] .......................... 12, 13

Corellow v. Verizon New York, Inc.,
18 N.Y.3d 77, 944 N.Y.S.2d 732, 740 (2012) ........................................ 13

Cruz v McAneney,
31 AD3d 54, 816 NYS2d 486 [2006] ....................................................... 11

Davis v. Velez,
797 F.3d 192 (2d Cir. 2015) ................................................................ 2, 5

Ehrlich v Froehlich,
72 AD3d 1010,  903 NYS2d 400 [2010] .................................................. 14

Georgia Malone & Co., Inc. v. Ralph Rieder,
86 A.D.3d 406, 926 N.Y.S.2d 494, 497 (1st Dep't 2011) (same) ......... 17, 18

Giordano v. Thomson,
564 F.3d 163 (2d Cir. 2009) ................................................................. 11

Goldman v Simon Prop. Group, Inc.,
58 AD3d 208,  869 NYS2d 125 [2008] ................................................... 11

Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd.,
909 F.2d 698 (2d Cir. 1990) ................................................................. 16

Joan Hansen & Co v Everlast World's Boxing Headquarters Corp.,
296 AD2d 103, 744 NYS2d 384 [2002] ................................................. 15

Kagan v K-Tel Entertainment,
172 AD2d 375, 568 NYS2d 756 [1991] ................................................. 15

Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C.,
15 AD3d 233, 790 NYS2d 84 [2005] ..................................................... 12

Mandarin Trading  [9]  Ltd. v Wildenstein,
16 NY3d 173, 944 NE2d 1104, 919 NYS2d 465 [2011] ................... 12, 14

Marine Midland Bank, N.A. v. Miller,
664 F.2d 899 (2d Cir. 1981) ................................................................. 16

Markwica v Davis,
64 NY2d 38, 473 NE2d 750, 484 NYS2d 522 [1984] ........................... 12

Ornelas v. United States,
517 U.S. 690, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996) ................... 2, 13

Paramount Film Distrib. Corp. v State of New York,
30 NY2d 415, 285 NE2d 695, 334 NYS2d 388 [1972]
cert denied 414 US 829, 94 S Ct 57, 38 L Ed 2d 64 [1973] ……………………………11, 12

Quebecor World (USA), Inc.,
455 F. Supp. 2d 236 (2006)................................................................. 16

Salve Regina College v. Russell,
499 U.S. 225, 113 L. Ed. 2d 190, 111 S. Ct. 1217 (1991) ................... 10, 15

Samiento v World Yacht Inc.,
10 NY3d 70, 883 NE2d 990, 854 NYS2d 83 [2008] ............................. 12

Seneca Pipe & Paving Co., Inc. v South Seneca Cent. School Dist.,
63 AD3d 1556, 880 NYS2d 807 [2009] ................................................. 14

Sperry v Crompton Corp.,
8 NY3d 204, 863 NE2d 1012, 831 NYS2d 760 [2007] ......................... 14

Town of Wallkill v Rosenstein,
40 AD3d 972,  837 NYS2d 212 [2d Dept 2007] ........................................................ 12

United States v. United States Gypsum Co.,
333 U.S. 364,  92 L. Ed. 746, 68 S. Ct. 525 (1948) ................................................. 13

United States v. Weingarten,
632 F. 3d 60 (2d Cir.2011) ................................................................................ 2, 3, 15

William Wrigley, Jr. Co. v. Waters,
890 F.2d 594 (2d Cir. 1989) .................................................................................... 17

Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.,
933 F.2d 131 (2d Cir. 1991) ............................................................................... 16, 17

## **RULES AND STATUTES**

Fed. R. Civ. P. 61 ...................................................................................................... 2, 5

Rule 52(a) of the Federal Rules of Civil Procedure ..................................................... 13

28 U.S.C.S. § 1295(a)(1) ........................................................................................... 1

## **JURISDICTION**

Plaintiffs filed their complaint in the Eastern District of New York on April 22, 2014.  The lower court had jurisdiction pursuant to 28 USC section 1391(b)(2) as a substantial portion of the events giving rise to the claims occurred within the Eastern District of New York.

The Second Circuit Court of Appeals has jurisdiction over this matter pursuant to  28 U.S.C.S. § 1295(a)(1).

United States Magistrate Judge Steven Locke presided over a bench trial which was held on May 22, 23, and June 8, 2023. On March 6, 2024, Judge Locke issued his findings of fact and conclusions of law, finding in favor of Plaintiff as to one count of the complaint under the theory of unjust enrichment.  On April 4, 2024, Defendants Rhino Blades, Inc., Tomer Yuzary and Angela Yuzary timely filed a notice of appeal.  The lower court's findings of fact and conclusions of law constitute a final order and judgment that disposed of all parties' claims.

## **ISSUES ON REVIEW**

Issue #1:              Whether the Court erred in denying Defendant's motion to bar the use of Plaintiff's exhibits and summary exhibits at trial?

Standard of Review:     The Second Circuit reviews for abuse of discretion a district court's admission or exclusion of evidence (including expert testimony), leaving evidentiary rulings

1

undisturbed unless they are manifestly erroneous and justice requires reversal. Davis v. Velez, 797 F.3d 192, 201 (2d Cir. 2015); Amorgianos v. AMTRAK, 303 F.3d 256, 264-65 (2d Cir. 2002); *see also* Fed. R. Civ. P. 61.

Issue #2:        Whether the Court erred in failing to dismiss Plaintiffs claims for unjust enrichment?

Standard of Review:        The Second Circuit reviews de novo legal conclusions, including its interpretation of statutes.  United States v. Weingarten, 632 F. 3d 60, 63 (2d Cir. 2011).

Issue #3:        Whether the Court erred in finding that Plaintiffs had sustained their burden in their claim for unjust enrichment?

Standard of Review:        "Clear error" is the standard under which appellate courts review a district court's factual findings. *See* Ornelas v. United States, 517 U.S. 690, 694 n.3, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996)

Issue #4:        Whether the Court erred in finding that Plaintiffs could sustain their causes of action against the individually named Defendants (Tomer and Angela Yuzary) without an alter ego claim having been pled?

Standard of Review:   The Second Circuit reviews de novo legal conclusions, including its interpretation of statutes.  United States v. Weingarten, 632 F. 3d 60, 63 (2d Cir. 2011).

## STATEMENT OF THE CASE

Plaintiffs are NY corporations that work in construction, road repair, and road construction.  Plaintiffs allege that Defendants fraudulently charged Plaintiffs for exorbitantly priced blades through an alleged 'scheme' wherein Defendant would allegedly send product, the quantities unknown, but charge for more than was delivered.  AA 21-41.  The basis for the allegation is, in sum and substance, taken from Defendant's own alleged pricing and weight charts which were provided by Defendant after the 'scheme was allegedly discovered.  Id.  Plaintiffs' pricing proofs and damages calculations are violative of the Federal Rules of Evidence, are not authenticated, can't be authenticated, are not reliable, are not based upon any acceptable calculation method, are pure hearsay, and speculation. AA-408-409.

Plaintiffs' complaint lists the causes of action as fraud (count 1), conversion (count 2), theft (count 3), unjust enrichment (count 4), and a full accounting (count 5).  AA 21-41.  Plaintiffs never filed an amended complaint or attempted to amend their complaint withing the Federal Rules of Civil Procedure.

3

United States Magistrate Judge Steven Locke presided over a bench trial which was held on May 22, 23, and June 8, 2023. <u>AA 79 – 298</u>. On March 6, 2024, Judge Locke issued his findings of fact and conclusions of law, finding in favor of Plaintiff as to one count of the complaint under the theory of unjust enrichment. <u>AA 57-78</u>. On April 6, 2024, Defendants Rhino Blades, Inc., Tomer Yuzary and Angela Yuzary timely filed a notice of appeal. <u>AA1</u>. The lower court's findings of fact and conclusions of law constitute a final order and judgment that disposed of all parties' claims.

<u>**SUMMARY OF ARGUMENT**</u>

The Plaintiffs proofs were deficient as to the damages that they calculated as they did not use any demonstrably coherent method for determining the amount of their actual loss. In fact, the lower court itself acknowledged same when it used the 'lower' amount of the damages calculation in order to determine the judgment amount. <u>AA-74</u>. While the lower court properly dismissed duplicative counts in the Plaintiffs' complaint, the court failed to dismiss the duplicative unjust enrichment claims which clearly parroted the other counts. The lower court's decision to impose personal liability was clearly erroneous as there was no alter ego claim and the cases cited by the lower court to impose personal liability on an unjust enrichment claim are distinguishable.

## <u>LEGAL ARGUMENT</u>

**A. The court erred in admitting Plaintiff's expert reports and summary as the method of calculation of Plaintiff's damages was inherently unreliable.**

The Second Circuit reviews for abuse of discretion a district court's admission or exclusion of evidence (including expert testimony), leaving evidentiary rulings undisturbed unless they are manifestly erroneous and justice requires reversal <u>Davis v. Velez</u>, 797 F.3d 192, 201 (2d Cir. 2015); <u>Amorgianos v. AMTRAK</u>, 303 F.3d 256, 264-65 (2d Cir. 2002); *see also* <u>Fed. R. Civ. P. 61</u>.

**a. Plaintiffs' proofs are deficient ab initio and failed, factually and legally, to support any causes of action.**

The first witness that the plaintiffs called was a representative from UPS, Mr. Imperiale. Mr. Imperiale's testimony was not very informative, aside from the fact that he was able to identify the content of a UPS label, he was not able verify that any of the Plaintiffs' proofs regarding the labels was accurate as UPS does not retain any information beyond 3 months. (AA87 - TR27). After that the information is purged from the system unless there is a customer/service issue. (Id). Aside from the fact that the UPS representative could identify the labels as being UPS labels, he could not verify that the labels were actually generated by UPS, whether they were delivered, paid for, etc. (AA89 - Tr. 35). The labels only show weight, they do not identify the content of the package, the number of blades,

or anything else that would be of assistance in Plaintiffs' deficient calculation of damages, if one could even call their submissions a calculation.

Plaintiffs' next witness, Mr. Gulino, provided self-serving testimony regarding his supposed use of blades, the 'estimates' for the percentage of uses of blades based upon size, and the unfounded and unproven testimony that Plaintiffs only needed/used a certain amount of blades. There was nothing to support this testimony. More importantly, Mario Gulino testified that he was not the one placing orders, it was Mr. Garone, a field foreman. (AA99 - Tr. 76). The implausible testimony from Mr. Gulino came when he testified that there was an unwritten protocol for Plaintiffs' employees to follow that required them to sign off on packages, *not inspect them*, label them by the recipient so that they could then be placed into the warehouse. (AA100-AA101 - Tr. 81-82). This was contradicted by their own employee, Mr. Garone, who Mr. Galino identified as the foreman and is the person who actually routinely inspected the area of the warehouse where the blades were located. (AA271-AA273 - Tr. 454-456).

Once in the warehouse, apparently without inspecting any of the contents of the packages unless the shipping package was damaged, the boxes would then be organized without opening them according to the person they were addressed to so that they could then be placed into another spot in the warehouse to be addressed by the person to whom the package was made deliverable. (AA101 - Tr. 82-85).

For years, literally years, Plaintiffs operated in this fashion, accepted the goods, made payments, and continued on with their course of business where they would place packages into the warehouse, uninspected, with no inventory or accounting of the product on hand. (AA102 - Tr. 86-88). Plaintiffs now claim that the pricing that was provided to them when their relationship with defendants deteriorated should be the basis upon which their 'damages' are found, but that does not account for the variations in manufacturers for the blades, types of blades, size of blades, or the fact that the pricing chart provided to Plaintiffs was meant for the sole purpose of Defendants retaining their business. (AA103 - Tr. 91-93; PEX #7).

Mr. Goldberg's testimony really showed how poorly organized and how poorly Plaintiffs failed to calculate their damages. First of all, Mr. Goldberg did not prepare the summary charges which provide the final figures used by Plaintiffs in AA409 and AA410.[1] (AA124-AA125 - Tr. 177-178). Mr. Goldberg admitted that there was no other basis for the valuation of the blades other than PEX #8. (AA125 - Tr. 180-181). Mr. Goldberg admitted that the pricing list that was provided was a special pricing list. (AA125 - Tr. 181). In some instances, there is no attributable weight for the package that forms the basis for the calculation of the damages. (AA126 - Tr. 184). Mr. Goldberg has no experience in fraud detection,

---

[1] None of the tables and calculations that summarized the Plaintiffs computations are included in the appendix, just the two summary charts which show the totals for each year Plaintiffs allege Defendants engaged in the tortious conduct.

forensic accounting, nor is he licensed in any way by any agency, state, or federal office in any way that would relate to his methodology for the calculation of damages. (AA126-AA127 - Tr. 185-186). Mr. Goldberg did not conduct any inspections of any kind regarding the blades. (AA127 - Tr. 186). He further admitted that if the pricing was different based off of Plaintiffs Exhibit #8 then all of his calculations would be wrong and was based upon the belief that Plaintiff's Exhibit #8 was for the pricing for all blades during the entirety of Plaintiffs and Defendants relationship. (AA127 - Tr. 188-189). Mr. Goldberg further admitted that his calculations did not account for the changes in the blades that were the same size, but priced differently as they were used for different purposes. (AA128 - Tr. 190).

John Gulino testified that he had no idea how or where the pricing for the blades come from, but he had no current pricing and could not provide any proofs for how much Plaintiffs spent on blades since the relationship between Plaintiffs and Defendants ended. (AA160 - Tr. 218-219). Mr. Gulino had a criminal conviction for tax evasion as a result of his failure to declare income from Plaintiffs' business.

Mr. Yuzary testified that the business, Rhino Blades, was duly registered in Florida. (AA186-AA187 - Tr. 323-326; AA-351-375, Defendant's Trial Exhibit 13). Mr. Yuzary provided substantial records which showed what he paid for

blades, and then he further testified that he marked up the price as a reseller of the product, all of which is perfectly legal. (AA189 - Tr. 334-337). It was customary for Mr. Yuzary that he did not provide invoices with his orders as the customers knew what they had ordered. (AA195 - Tr. 359-360). Mr. Yuzary tracked publicly available information concerning Plaintiffs' government contracts and used that, among other things, as the basis for how many blades to send. (AA194 - Tr. 355-357; AA-351-375). Mr. Yuzary had a business relationship with Mr. Garone and often provided him with free gifts and promotional materials to further that business relationship. (AA196-AA197 - Tr. 365-368). In fact, Plaintiffs used their position with government officials to try to secure contracts for their companies and then asked Defendant Yuzary to contribute to a politician who would eventually be convicted of bribery. (AA197-AA198 - Tr. 368-371; AA 376-377).

Plaintiffs failed in every way to provide quantifiable damages as their proofs were speculative, at best. Mr. Goldberg's testimony was replete with speculation, from the quantity of blades, to the weight of the blades, to the price of the blades. Mr. Goldberg did not perform any of the inspections, he did not weigh any of the blades, he did not do anything other than accept the numbers he was provided. Moreover, the testimony from Garone was quite clear that there was no way of knowing which blades were which, from which boxes that were sent, at which

time, etc. (AA271-AA273 - Tr. 454-456). The blades were not kept in boxes. (Id). There were wrapped in plastic and stored in a bin that categorized them according to size, nothing more. (Id). This testimony by Garone completely eviscerates the 'damages' calculation provided by Goldberg because there is no way possible that they could verify the damages as Plaintiffs have no idea which blades arrived in which box, at any specific time, for any specific price, for any weight, for any shipment. It is just pure speculation.

As addressed later, the proofs do not support any of the causes of action because they are inherently unreliable. Given the fact that the calculation of damages is based upon the speculation of the costs per blade, from a pricing chart that was provided by Defendant Tomer Yuzary in order to try to keep the Plaintiff's business, with no idea as to how many blades were in each package, where some blades weigh more than others, were priced differently, the prices fluctuated, the Plaintiffs' proofs were improperly admitted. The lower court's decision ignores all of the above inconsistencies, but then decides to use it's own numbers to calculate damages. AA (page 19 of decision).

**B. The court erred in failing to dismiss Plaintiff's unjust enrichment claims as duplicative.**

*The Second Circuit reviews legal conclusions de novo. De novo* review is review without deference. *See* <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 238,

113 L. Ed. 2d 190, 111 S. Ct. 1217 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable.").

"Under New York law, a plaintiff asserting a claim of unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant." Giordano v. Thomson, 564 F.3d 163, 170 (2d Cir. 2009) (internal quotation marks omitted).

"To state a cause of action to recover damages for unjust enrichment, a plaintiff must allege that (1) the other party was enriched, (2) at [the plaintiff's] expense and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (AHA Sales, Inc. v Creative Bath Prods., Inc., 58 AD3d 6, 19, 867 NYS2d 169 [2008] [internal quotation marks omitted]; *see* Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421, 285 NE2d 695, 334 NYS2d 388 [1972], *cert denied* 414 US 829, 94 S Ct 57, 38 L Ed 2d 64 [1973]; Cruz v McAneney, 31 AD3d 54, 59, 816 NYS2d 486 [2006])." 'The essence of unjust enrichment is that one party has received money or a benefit at the expense of another' " (Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 220, 869 NYS2d 125 [2008], quoting City of Syracuse v R.A.C. Holding, 258 AD2d 905, 906, 685 NYS2d 381 [1999]).

The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in "equity and good conscience" should be paid to the plaintiff (Mandarin Trading [9] Ltd. v Wildenstein, 16 NY3d 173, 182, 944 NE2d 1104, 919 NYS2d 465 [2011], quoting Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421, 285 NE2d 695, 334 NYS2d 388 [1972]). In a broad sense, this may be true in many cases, but unjust enrichment is not a catchall cause of action to be used when others fail or when there are no other viable options based upon the facts.  It is available only in unusual situations when, though the defendant has not committed an actionable tort or created a breach of a contract or agreement, circumstances create an equitable obligation running from the defendant to the plaintiff. Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled (see Markwica v Davis, 64 NY2d 38, 473 NE2d 750, 484 NYS2d 522 [1984]; Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233, 790 NYS2d 84 [2005]).  An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389, 516 NE2d 190, 521 NYS2d 653  [1987]; Samiento v World Yacht Inc., 10 NY3d 70, 81, 883 NE2d 990, 854 NYS2d 83 [2008]; Town of Wallkill v Rosenstein, 40 AD3d 972, 974, 837 NYS2d 212 [2d Dept 2007]).

Here the Plaintiff's unjust enrichment claims were clearly duplicative of the fraud, conversion and theft claims in the complaint. AA 21-41. There is almost no factual distinction between any of the counts. Id. A duplicative unjust enrichment claim is not available where it duplicates a tort claim. <u>See</u> <u>Clark-Fitzpatrick, Inc,</u> <u>supra.</u> The court cited to <u>Corellow v. Verizon New York, Inc</u>., 18 N.Y.3d 77, 790. 944 N.Y.S.2d 732, 740 (2012) for the proposition that it is available where the defendant has not breached a contracted or committed a recognized tort.

### C. The court erred in finding that Plaintiffs had sustained their burden in their unjust enrichment claim.

"Clear error" is the standard under which appellate courts review a district court's factual findings. *See* <u>Ornelas v. United States</u>, 517 U.S. 690, 694 n.3, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996) ("'Clear error' is a term of art derived from <u>Rule</u> <u>52(a) of the Federal Rules of Civil Procedure</u>, and applies when reviewing questions of fact."). It is a deferential standard of review grounded, *inter alia*, on the belief that district court has a good deal of "expertise" when it comes to fact-finding. <u>Anderson v. City of Bessemer City</u>, 470 U.S. 564, 574, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>United States v.</u> <u>United States Gypsum Co.</u>, 333 U.S. 364, 395, 92 L. Ed. 746, 68 S. Ct. 525 (1948).

13

In determining that Rhino was unjustly enriched, the court found that the pricing sheet provided by Rhino in late 2013 was the correct basis for the calculation of the overpayment. This conclusion stretches the logical connection between the method of calculation and pure speculation that formed the basis of the Plaintiffs' calculation of damages. The speculative nature of the damages has already been addressed herein in Section A of the brief.

Further, although privity is not required for an unjust enrichment claim (Sperry v Crompton Corp., 8 NY3d 204, 215, 863 NE2d 1012, 831 NYS2d 760 [2007]), a claim will not be supported unless there is a connection or relationship between the parties that could have caused reliance or inducement on the plaintiff's part. Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182, 944 NE2d 1104, 919 NYS2d 465 [2011] [internal quotation marks and citation omitted]). No such relationship existed here. The Court of Appeals in Mandarin Trading held that the plaintiff was unable to establish an unjust enrichment claim where the "pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement" (Mandarin Trading, 16 NY3d at 182).

Finally, prior cases from New York have held that an unjust enrichment claim can only be sustained if the services were performed at the defendant's behest (Ehrlich v Froehlich, 72 AD3d 1010, 1011, 903 NYS2d 400 [2010]; Seneca Pipe & Paving Co., Inc. v South Seneca Cent. School Dist., 63 AD3d 1556, 880

NYS2d 807 [2009]; <u>Joan Hansen & Co v Everlast World's Boxing Headquarters Corp.</u>, 296 AD2d 103, 108, 744 NYS2d 384 [2002]; <u>Kagan v K-Tel Entertainment</u>, 172 AD2d 375, 376, 568 NYS2d 756 [1991]).

As discussed further below, the unjust enrichment claims found in the complaint are factually deficient. The facts elicited during trial do not and cannot support a finding in favor of Plaintiffs as the case law clearly does not permit such a finding.

**D. The court erred in finding that the unjust enrichment claim could proceed without an alter ego claim or evidence for same.**

The Second Circuit reviews de novo legal conclusions, including its interpretation of statutes. <u>United States v. Weingarten</u>, 632 F.3d 60, 63 (2d Cir. 2011). *De novo* review is review without deference. *See* <u>Salve Regina College v. Russell</u>, 499 U.S. 225, 238, 113 L. Ed. 2d 190, 111 S. Ct. 1217 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). When we review a district court's decision *de novo*, we take note of it, and study the reasoning on which it is based. However, our review is independent and plenary; as the Latin term suggests, we look at the matter anew, as though the matter had come to the courts for the first time. *See* BLACK'S LAW DICTIONARY 435 (6th ed. 1990) (defining "de novo" as "anew" and "afresh").

"New York law allows the corporate veil to be pierced *either* when there is fraud or when the corporation has been used an alter ego." Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc., 933 F.2d 131, 138 (2d Cir. 1991) (quoting Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv. Ltd., 909 F.2d 698, 703 (2d Cir. 1990) (emphasis in original) (internal quotation marks omitted)). The latter normally requires "a showing of . . . complete control by the dominating corporation that leads to a wrong against third parties." Id. at 138. But this standard is relaxed where the alter ego theory is used not to impose liability, but merely to establish jurisdiction. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); Quebecor World (USA), Inc., 455 F. Supp. 2d at 243. In such an instance, the question is only whether the allegedly controlled entity "was a shell" for the allegedly controlling party; it is not necessary to show also "that the shell was used to commit a fraud." Marine Midland Bank, N.A., 664 F.2d at 904.

In Wm. Passalacqua Builders, Inc., the Second Circuit made clear that there is an "infinite variety of situations" that might warrant disregarding the corporate veil and that the ultimate question of veil piercing must be decided by "considering the totality of the evidence." 933 F.2d at 139. In a forward-piercing case, "[t]he jury must decide whether--considering the totality of the evidence, see William Wrigley, Jr. Co. v. Waters, 890 F.2d 594, 601 (2d Cir. 1989)--the policy behind the

presumption of corporate independence and limited shareholder liability--encouragement of business development--is outweighed by the policy justifying disregarding the corporate form--the need to protect those who deal with the corporation." Wm. Passalacqua Builders, Inc., 933 F.2d at 139. By parity of reasoning, the question whether to engage in reverse piercing depends upon an assessment, in light of the totality of the circumstances, of whether the presumption of separate corporate personality is outweighed by the policy of disregarding the corporate form in light of the nature and extent of domination of the corporate entity by an individual or group of individuals.

In support of its findings that Defendants Angela and Tomer Yuzary could be personally liable under the theories of unjust enrichment, the court relied upon cases that do not support Plaintiff's proofs or theories.  The court opined that, as corporate officers, the Yuzarys could be held liable if they were personally enriched at the Plaintiff's expense.  Bradkin v. Leverton, 26 N.Y.2d 192, 199, 257 N.E.2d 643, 309 N.Y.S.2d 192, 198 (1970)) (finding corporate officers could be liable for unjust enrichment where they allegedly personally benefited at plaintiff's expense); Georgia Malone & Co., Inc. v. Ralph Rieder, 86 A.D.3d 406, 408-09, 926 N.Y.S.2d 494, 497 (1st Dep't 2011) (same).  Neither of those cases actually support the Court's findings as both cases are clearly distinguishable.

In <u>Bradkin</u>, there was (1) a valid written contract obligating defendant to pay a finder's fee and (2) interference with that contract by an officer of defendant corporation to plaintiff's detriment. Here, neither of these circumstances essential to the holding of <u>Bradkin</u>, <u>supra</u>, existed. In <u>Bradkin</u>, the plaintiff had an enforceable written contract with his employer, a finance company, to receive a finder's fee for every corporation in need of financing which he found. On one occasion, the plaintiff found a company interested in borrowing money, but the defendant, an officer of plaintiff's employer, made the loan personally to the company, thereby depriving the plaintiff of his fee. The court upheld the plaintiff's quasi-contractual recovery against the officer. 257 N.E.2d at 647.

In <u>Georgia Malone & Co., Inc</u>, <u>supra</u>, the court clearly stated that a defendant who profits, in one form or another, from a plaintiff's work cannot formt he basis for an unjust enrichment claim and is improperly expanding the claims allowed by law. The court in <u>Georgia</u> specifically held that a lack of reliance or inducement is fatal to such a claim and it applied to third parties. <u>Georgia</u>, <u>supra</u>, at 408.

## <u>CONCLUSION</u>

For the aforementioned reasons, the ruling of the lower court finding all defendants liable under the theory of unjust enrichment should be reversed, the complaint dismissed in its entirety, as supported by the facts and case herein.

Respectfully Submitted,

By: /s/ *Michael A. Orozco*

Michael A. Orozco
Price, Meese, Shulman & D'Arminio, P.C.
Attorneys for Defendants

Dated: May 20, 2024